UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC JOHN WOLFGANG, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-03-167 |
| | : | |
| | : | (Judge McClure) |
| CARL SMITHERS, ET AL., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

September 26, 2005

**Background**

Eric John Wolfgang ("Plaintiff"), an inmate presently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania ("SCI-Retreat"), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983.

By separate Orders dated August 15, 2002, Judge William Nealon of this Court transferred two civil rights complaints filed by SCI-Retreat inmates Christopher Grob, Timothy Hunsinger and Steve McCollough to the undersigned. This Court subsequently directed that pursuant to Federal Rule of Civil Procedure 42(a), those cases should be consolidated into Wolfgang. However, on September 20, 2004, this

Court granted Plaintiffs McCullough, Hunsinger and Grob's requests for voluntary dismissal.

On September 16, 2003, a similar civil rights action filed by SCI-Retreat inmates David Jacoby and Richard Shipe was also consolidated into this matter. By Order January 11, 2005, a motion for voluntary dismissal by Plaintiff Shipe was granted. Hence, Wolfgang and Jacoby are the only two remaining Plaintiffs in this action.

Wolfgang previously submitted an amended complaint which names as Defendants the following SCI-Retreat officials: Correctional Services Laundry Supervisor Carl Swithers; Superintendent Edward Klem; Health Care Administrator Joseph Mataloni; Deputy Superintendent Joseph Piazza; Correctional Industries Director Susan Kuzminski; Correctional Industries President Linda Morrison; and Physician's Assistant James Updyke. Also named are SCI-Retreat, as well as the prison's Laundry and Medical Departments.

On March 26, 2004, this Court addressed the Corrections Defendants' motion to dismiss Wolfgang's amended complaint. The Memorandum and Order entered dismissal in favor of Defendants SCI-Retreat and the prison's Laundry and Medical Departments. In addition, all claims which transpired prior to April 10, 2000

were deemed to be time barred under Pennsylvania's applicable statute of limitations. Dismissal was also entered in favor of Defendants Joseph Piazza and Edward Klem.

Twenty-one (21) Defendants are named by Jacoby. They are the Pennsylvania Department of Corrections (DOC), its Secretary Jeffrey Beard, Correctional Industries President Linda Morrison and Correctional Industries Directors Susan Kuzminski and Mark Goldberg. Six hospitals[1] and the Diamond Chemical Company are also listed as Defendants. He is also proceeding against SCI-Retreat, the prison's Medical and Laundry Departments, and five (5) prison officials, including: Superintendent Joseph Chesney; Laundry Supervisor Carl Swithers; Health Care Administrator Joseph Mataloni; Physician's Assistants ("PA") James Updyke and Darla Sherman; and Doctor Diaz.

By Memorandum and Order dated September 28, 2004, dismissal with respect to Jacoby's claims was entered in favor of the following sixteen (16) Defendants named by Jacoby: DOC; Beard; Morrison; Kuzminski; Goldberg; SCI-Retreat; Laundry Department; Medical Department; Danville State Hospital; Joseph Chesney; the Diamond Chemical Company; Clarks Summit State Hospital; Allentown

---

[1] Specifically, Danville State Hospital, Clarks Summit State Hospital; Allentown State Hospital; Harrisburg State Hospital; Southeastern Veterans Hospital and Selinsgrove State Hospital.

State Hospital; Harrisburg State Hospital; Southeastern Veterans Hospital; and Selinsgrove State Hospital.

In conclusion, the surviving Defendants named by Wolfgang are Laundry Supervisor Swithers, Health Care Administrator Mataloni, PA Updyke, Correctional Industries Director Susan Kuzminski and Correctional Industries President Linda Morrison. While the remaining Defendants named by Jacoby are Swithers, Mataloni, PA Updyke, PA Darla Sherman, and Doctor Diaz.[2]

Wolfgang and Jacoby state that they previously worked in the SCI-Retreat Correctional Industries laundry. In addition to cleaning the laundry generated by SCI-Rockview inmates, the Laundry Department also provides service for other state prisons, as well as psychiatric hospitals and health care facilities for veterans. The remaining Plaintiffs allege that they were injured as a result of purportedly unsafe conditions which exist in the Laundry Department.

Plaintiffs state that the laundry was contaminated with bodily fluids and human waste. In addition, some laundry from the hospital and health care facilities would arrive in red and yellow bio-contamination bags. Wolfgang and Jacoby claim that inmate laundry workers including themselves were not provided with adequate

---

[2] By Order dated February 12, 2004, this Court concluded that a viable conspiracy claim was not asserted against Defendants Updyke and Sherman.

protective gear. As a result of those purportedly unconstitutional conditions they suffered headaches, nose bleeds, red blotches on their skin, dizziness and stomach problems. The remaining Plaintiffs further contend that they also have not been provided with adequate medical care for their work related injuries. Wolfgang and Jacoby seek injunctive relief as well as punitive, compensatory, and nominal damages.

Presently pending before this Court is the remaining Corrections Defendants' motion requesting entry of summary judgment. See Record document no. 127. Laundry Supervisor Swithers and Health Care Administrator Mataloni are the remaining Corrections Defendants. The motion has been briefed and is ripe for consideration.

**Discussion**

**Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish

> the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]he standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, supra, 106 S.Ct. at 2553 and 2554. Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary

judgment. Id. In evaluating a motion for summary judgment, the entire record must be examined in the light most favorable to the nonmoving party.

## A.       Exhaustion

Remaining Corrections Defendants Swithers and Mataloni argue that because Jacoby failed to appeal any grievances to final review, his claims should be dismissed for failure to satisfy the exhaustion of administrative remedies requirement. Record document no. 130, p. 4. They add that both Wolfgang and Jacoby "failed to name the Corrections Defendants as required under Spruill v. Gillis, 373 F. 3d 218, 228 (3d Cir. 2004)." Id. Specifically, it is maintained that although Wolfgang filed two (2) grievances regarding the conditions in the Laundry Room and one (1) grievance regarding his skin condition, those grievances did not reference Defendant Mataloni. Consequently, the remaining Corrections Defendants conclude that Wolfgang's claims against Health Care Administrator Mataloni are subject to dismissal under Spruill. They also seek dismissal against Jacoby because he purportedly failed to mention Defendant Swithers in either of the two (2) grievances which he initiated regarding his skin condition.

       42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison
> conditions under Section 1979 of the Revised Statutes
> of the United States (42 U.S.C. 1983), or any other

>federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

An inmate's failure to comply with the administrative exhaustion requirement constitutes an affirmative defense. See e.g., Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Jenkins v. Haubert, 179 F.3d 19, 29 (2d Cir. 1999); Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997)(holding, in the context of a Title VII case, that failure to exhaust administrative remedies is an affirmative defense). Consequently, a prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir.

2002).  Rather, it is the burden of a defendant asserting the defense to plead and prove it.  Id.;  Williams v. Runyon,130 F.3d  568, 573 (3d Cir. 1997); Charpentier v. Godsil, 937 F.2d 859 (3d Cir. 1991); Fed. R. Civ. P. 8(c).

With respect to Wolfgang and Jacoby's claims of inadequate  medical treatment and unconstitutional working conditions, the DOC has established a Consolidated Inmate Grievance Review System.  DC-ADM 804 (effective January 1, 2001).  With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing to the Facility Manager; and a final written appeal may be presented to the Secretary's Office of Inmate Grievances and Appeals.

A prisoner, in seeking review through the grievance system, may include "a reasonable request for compensation or other legal relief normally available from a court."  (DC-ADM 804-4, issued May 1, 2002).  Furthermore, a grievance must be submitted for initial review to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claim is based.  Allowances of extensions of time for submission of a grievance may be granted under certain circumstances.

In Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004), the Third Circuit recognized that under the DOC's administrative review system a prisoner's grievance should identify specific persons, if practicable. It held that an unexplained failure to identify a responsible prison official in a grievance constitutes a procedural default of the claim. The Court of Appeals added that the prison's grievance process could excuse such a procedural default by identifying the unidentified person and acknowledging that they were fairly within the compass of the prisoner's grievance.

It is initially noted that the Corrections Defendants acknowledge that Wolfgang fully exhausted two administrative grievances regarding conditions in the Laundry Department which referenced Defendant Swithers. See id. at p. 5. Consequently, those allegations by Wolfgang have been properly exhausted.

With respect to Health Care Administrator Mataloni, Wolfgang admittedly initiated and fully exhausted an institutional grievance regarding his skin condition. According to the moving Defendants, this grievance did not mention Defendant Mataloni. They also note that during his deposition testimony, Wolfgang could not recall whether or not he ever filed a grievance against Mataloni.

A copy of Wolfgang's health care related grievance has been submitted by the Corrections Defendants. See Record document 128, Exhibit E. Although the submitted copy of the grievance is barely legible, it appears to reference the

Defendants named in a prior federal lawsuit filed by Wolfgang (Civil Action 01-CV-642) as being the subject of his grievance. Since Mataloni was one of the Defendants named in the prior federal action, it is the conclusion of this Court that said Defendant's request for summary judgment under the Spruill standards lacks merit.

The moving Defendants argue that Jacoby did not appeal any administrative grievance to final review. In support of that argument defendants have submitted copies of two grievances filed by Jacoby which relate to his placement on a medical lay-in. See Record document 128, Exhibit 3. Also submitted is a declaration under penalty of perjury by Administrative Officer Tracy Pollock of the DOC's Office of Inmate Grievances and Appeals. See id. Pollock states that a review of DOC's records establishes that Jacoby filed, but failed to exhaust two (2) administrative grievances relating to his present claims.

Jacoby generally counters only that he "finalized his administrative remedies." Record document no. 132, ¶ 8. As noted above, Jacoby filed two (2) grievances. Those grievances refer to Mataloni but contain no mention of Swithers. More importantly, neither of Jacoby's administrative grievances were appealed to final administrative review.

Jacoby's vague, unsupported contention that he finalized his grievances, does not satisfy his burden under Anderson of presenting affirmative evidence to

11

contradict the competent supporting documents submitted by the moving Defendants. The undisputed evidence clearly establishes that Jacoby did not fully exhaust his administrative remedies with respect to his claims against Defendants Mataloni and Swithers. Since Jacoby has not set forth a valid reason as to why he should be excused from the exhaustion requirement, entry of summary judgment in favor of Mataloni and Swithers is appropriate.[3]

**B.     Conditions of Confinement**

The remaining Corrections Defendants next argue that the working conditions in the Laundry Department were not sufficiently serious to set forth a claim under the Eighth Amendment. They acknowledge that while Wolfgang and Jacoby may have been exposed to "somewhat unpleasant conditions in the laundry," that alone is insufficient for purposes of the Eighth Amendment. Record document 130, p. 7.

---

[3] Based on this Court's determination that Jacoby failed to fully exhaust his administrative remedies with respect to the claims of deliberate indifference to his medical needs, Jacoby's related claims of deliberate indifference by PA Sherman, PA Updyke and Doctor Diaz will be dismissed for non-exhaustion in the interests of judicial economy.

If Plaintiff Jacoby has competent evidence to establish that the allegations against those Defendants were administratively exhausted, or can present legitimate reasons showing that he should be excused from the exhaustion requirement, he may file a motion for reconsideration within ten (10) days of the date of this Order.

According to the remaining Corrections Defendants, neither hot temperatures, "a mere skin rash," or the handling of dirty laundry amount to cruel and unusual punishment. Id. at p. 8. They note that Wolfgang concedes that soap dispensers were placed in the third floor laundry room, various kinds of gloves were supplied to inmate workers, and there was a bathroom on the third floor. It is additionally noted that Wolfgang and Jacoby were not forced to work in the laundry department, their employment. Furthermore, inmate laundry workers are paid more, presumably due to the unpleasant working conditions.

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). An Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id.

Under Farmer, deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate

13

safety.  Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001).  This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  In Beers-Capitol, it was also recognized that a defendant's knowledge of a risk can be proved indirectly by circumstantial evidence.

       The Corrections Defendants contend that the conditions in the Laundry Department were not sufficiently serious to constitute a violation of the Eighth Amendment.  Based on a review of the record, especially noting that a number of inmate workers have alleged that they suffered skin problems and other ailments due to the working conditions in the Laundry Department, and that the inmate workers were not properly outfitted to handle bedding which arrived in red and yellow bio-contamination bags, this Court finds that Wolfgang and Jacoby have adequately alleged that their working conditions constituted an Eighth Amendment violation.

       Second, since the record contains numerous factual averments by inmate workers that Defendant Swithers was aware of the health problems being exhibited by the inmate workers and failed to undertake any corrective measures, this Court is equally satisfied that if said allegations are proven, a reasonable trier of fact could conclude that Swithers acted with deliberate indifference as contemplated under

14

Farmer.  Furthermore, the fact that prisoners are not forced to work in the laundry and paid a higher wage for doing so, does not excuse prison officials from providing their inmate workers with a safe working environment.  Wolfgang's claim against Defendant Swithers regarding the purportedly unconstitutional working conditions in the Laundry Department will proceed.

**Medical Treatment**

The moving Defendants' next argument contends that Swithers and Mataloni were not deliberately indifferent to the remaining Plaintiffs' medical needs. The first prong of this argument suggests that Wolfgang and Jacoby's alleged health problems do not qualify as being serious medical needs.  Second, the moving Defendants assert that there are no assertions that Swithers, a non-medical defendant, had any personal involvement in the remaining Plaintiffs' medical care.  Finally, while Mataloni was employed as the prison's Health Care Administrator, there was no alleged deliberate indifference on his part and it was reasonable for Mataloni to defer to Doctor Diaz's decisions regarding the Plaintiffs' medical treatment.

Pursuant to the Supreme Court's decision in Estelle v. Gamble, 429 U.S. 97 (1976), an inmate plaintiff must demonstrate that prison officials have breached the standard of medical treatment to which he was entitled.  The government has an "obligation to provide medical care for those whom it is punishing by incarceration."

15

Id. at 103.  However, a constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain."  Id. at 104 (citation omitted).  As noted earlier, a later decision by the Supreme Court established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm."  Farmer, 511 U.S. at 841.

Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.  Where a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  See id.

The Court of Appeals for the Third Circuit in Durmer added that a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff.  However, where a failure or delay in providing prescribed

16

treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.

This Court has already concluded that Wolfgang and Jacoby's alleged health problems satisfied the serious medical need standard of Estelle. The remaining Corrections Defendants have not come forth with any competent supporting evidence which would warrant reconsideration of that determination. However, this Court agrees that under the standards announced in Durmer, there is no basis upon which to establish liability against Laundry Supervisor Swithers. Swithers is clearly a non-medical official and there are no assertions that he had any involvement whatsoever with respect to the medical treatment and accompanying decisions made regarding Wolfgang and Jacoby.

With respect to Health Care Administrator Mataloni, the only allegations in Wolfgang's amended complaint are that Mataloni could have referred him to be seen by a dermatologist and failed to take action with respect to request slips. See Record document 11, ¶¶ 29 & 34. There are no allegations that Mataloni failed to provided Wolfgang with medical care, did not follow a recommended course of treatment, or delayed any prescribed treatment. Furthermore, the record indicates that Doctor Diaz and the PAs were the ones actually providing Wolfgang with treatment. Furthermore, Wolfgang's own deposition testimony asserts only that because of Mataloni's

17

supervisory position as Health Care Administrator, "I believe he could have gotten a dermatologist or someone to see me." Id., Exhibit 4, N.T. 84. Such a vague speculative claim is insufficient for purposes of stating a deliberate indifference claim. Moreover, any attempt to assert liability against Mataloni based solely upon his supervisory capacity is equally insufficient for purposes of civil rights liability.[4] Summary judgment will be entered in favor of Defendant Mataloni.[5] Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The remaining Corrections Defendants motion for summary judgment (Record document no. 127) is GRANTED IN PART.

2. Plaintiff David Jacoby's claims against Defendants Mataloni and Swithers are DISMISSED for failure to fully exhaust administrative remedies.

---

[4] Claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).

[5] With respect to Mataloni and Swithers' argument that the remaining Plaintiffs' pendent state law claims should be dismissed for their failure to retain a medical expert, said argument will be dismissed since Wolfgang's amended complaint and Jacoby's complaint do not assert any pendent state law claims.

3. The motion for summary judgment is DENIED with respect to Plaintiff Eric Wolfgang's claims that Defendant Swithers subjected him to unconstitutional working conditions.

4. Summary judgment is GRANTED in favor of Defendant Mataloni with respect to Wolfgang's allegations of deliberate indifference to his medical needs.

5. Based on the determination that Plaintiff Jacoby failed to fully exhaust his administrative remedies with respect to his claims of deliberate indifference to his medical needs by Mataloni , Jacoby's related medical claims against Defendants Updyke, Sherman, and Diaz will likewise be DISMISSED for non-exhaustion.[6]

6. Summary judgment is entered in favor of Defendants Joseph Mataloni, Darla Sherman, and Doctor Diaz.

7. Remaining Plaintiff Eric Wolfgang' s surviving claims are: (1) Defendants Swithers, Kuzminski, and Morrison subjected him to unconstitutional working conditions in the SCI-Retreat Laundry

---

[6] If Jacoby can establish compliance with the administrative exhaustion requirement, or set forth reasons as to why he should be excused from the exhaustion requirement, he may file a reconsideration motion within ten (10) days of the date of this Order.

>   Department; and (2) PA Updyke was deliberately indifferent to his serious medical needs.

8.  The remaining parties may submit any proposed dispositive motions on or before November 1, 2005.

                                               s/ James F. McClure, Jr.
                                               JAMES F. McCLURE, JR.
                                               United States District Judge