UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC JOHN WOLFGANG, :
        Plaintiff :
 :
v. : CIVIL NO. 4:CV-03-167
 :
 : (Judge McClure)
CARL SMITHERS, ET AL., :
        Defendants :

**MEMORANDUM**

August 15, 2006

**Background**

The remaining Plaintiff in this pro se civil rights action is Eric John Wolfgang ("Plaintiff"), an inmate presently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania ("SCI-Retreat").[1] Wolfgang's amended complaint names as Defendants the following SCI-Retreat officials: Correctional Services Laundry Supervisor Carl Swithers; Superintendent Edward Klem; Health

---

[1] On September 20, 2004, this Court granted Plaintiffs Steve McCullough, Timothy Hunsinger and Christopher Grob's requests for voluntary dismissal. By Order dated January 11, 2005, a motion for voluntary dismissal by Plaintiff Richard Shipe was granted. Plaintiff David Jacoby's claims were dismissed by Memorandum and Order dated September 26, 2005.

Care Administrator Joseph Mataloni; Deputy Superintendent Joseph Piazza; Correctional Industries Director Susan Kuzminski; Correctional Industries President Linda Morrison; and Physician's Assistant James Updyke.  Also named are SCI-Retreat, as well as the prison's Laundry and Medical Departments.

By Memorandum and Order dated March 26, 2004, dismissal was entered in favor of Defendants Joseph Piazza, Edward Klem, SCI-Retreat and the prison's Laundry and Medical Departments.  In addition, all of Wolfgang's claims which transpired prior to April 10, 2000 were deemed to be time barred under Pennsylvania's applicable statute of limitations.  A September 26, 2005 Memorandum and Order by this Court granted summary judgment in favor of Defendants Joseph Mataloni, Darla Sherman, and Doctor Diaz.

Wolfgang's surviving claims are:  (1) Defendants Swithers, Kuzminski, and Morrison subjected him to unconstitutional working conditions in the SCI-Retreat Laundry Department; and (2) PA Updyke was deliberately indifferent to his serious medical needs.  By way of background, Wolfgang previously worked in the SCI-Retreat Correctional Industries laundry ("CI laundry") .  In addition to cleaning the laundry generated by SCI-Retreat inmates, the CI laundry provided service for other state prisons, as well as psychiatric hospitals and health care facilities for veterans.  The remaining Plaintiff alleges that he was injured as a result of purportedly unsafe

2

conditions which exist in the CI laundry.  Wolfgang states that the laundry was contaminated with bodily fluids and human waste.  In addition, some laundry from the hospital and health care facilities would arrive in red and yellow bio-contamination bags.  The remaining Plaintiff claims that he was not provided with adequate protective gear.  As a result of the purportedly unconstitutional conditions, Wolfgang suffered "pink, red blotches on shoulders, arms, back, chest and collar bone area, a red marks [sic] rash on chest, discolorment [sic] of skin on chest, stomach, legs and parts of back area."  Record document no. 11 at ¶ 28.  In addition, he developed a lump on the back of his head and regularly has rashes in his groin area.  Wolfgang further contends that he was not provided with adequate medical care for his work related injuries.  His amended complaint seeks injunctive relief as well as punitive, compensatory, and nominal damages.

     Presently pending before this Court is the remaining Corrections Defendants' second motion requesting entry of summary judgment.[2]  See Record document no. 143.  The motion has been briefed and is ripe for consideration.

**Discussion**

The remaining Corrections Defendants claim entitlement to summary judgment on the grounds that: (1) Kuzminski had no personal involvement with

---

[2] PA Updyke is not a Corrections Defendant.

respect to the alleged conditions in the CI laundry; and (2) the claims against Defendant Morrison are improperly premised on a theory of *respondeat superior*.[3]

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  "[T]he standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of

---

[3] There is no argument raised that Defendant Swithers is entitled to summary judgment.  Consequently, the claim asserted against that correctional official will proceed.

4

a genuine issue of material fact.  The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, supra, 106 S.Ct. at 2553 and 2554.  Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988).  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment.  Id.  In evaluating a motion for summary judgment, the entire record must be examined in the light most favorable to the nonmoving party.

      The remaining Corrections Defendants state that Susan Kuzminski was employed as an accountant with Correctional Industries.   They add that her job duties did not include supervision of the CI laundry  or the correctional staff employed therein and she had no first hand knowledge of the conditions which existed in the laundry department. Their argument additionally notes that in his deposition testimony, Wolfgang indicated that Kuzminski was named as a defendant because it was his belief that she was the director of Correctional Industries.  Based on those factors, the moving Defendants conclude that there is no sufficient basis upon which

to find that Kuzminski had any personal involvement with respect to the alleged unconstitutional conditions which existed in the CI laundry. Wolfgang counters that this argument is a "smoke screen" and that he sent a letter complaining about the conditions in the laundry department to Kuzminski and that said Defendant accompanied Morrison during inspections of the CI laundry. See Record document no. 152, ¶ 3.

The moving Defendants' second argument contends that Linda Morrison is entitled to summary judgment because Wolfgang's allegations against her are entirely premised on a theory of *respondeat superior*. They assert that although Morrison was the Director of Correctional Industries during Wolfgang's employment in the CI laundry, she had no first hand knowledge of any unsanitary conditions. Second, it was Morrison's understanding that all state prison facilities were in compliance with Department of Corrections and state regulations regarding safety and sanitation. They further contend that liability cannot be properly asserted against Morrison because if she had received any inmate complaints, she would have had them investigated.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.

Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).; Frazier v. Southeastern Pennsylvania Transp. Auth., 785 F.2d 65, 68 (3d Cir. 1986)(a civil rights complaint should allege the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials).

The United States Supreme Court in Farmer v. Brennan, 511 U.S. 825, 841 (1994) addressed the issue of what standard should be applied in determining deliberate indifference in Eighth Amendment failure to protect cases. The Court established that the proper analysis is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. Under Farmer, deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. In Beers-Capitol it was also recognized that a defendant's knowledge of a risk can be proved indirectly by circumstantial evidence.

Civil rights claims brought cannot be premised on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

The Corrections Defendants' answer to the amended complaint and Defendant Kuzminski's sworn declaration all similarly identify Kuzminski as being a Correctional Industries Accountant. However, Kuzminski acknowledges that she received a letter from Wolfgang on January 2, 2001 which complained about the conditions in the CI laundry. See Record document no. 144, Exhibit 1, ¶ 4. The Defendant avers that she did not respond to the letter because she had no "involvement with or supervision over Correctional Industries' laundry department at SCI-Retreat." Id. at ¶ 6. A sworn declaration by Defendant Morrison adds that

8

Laundry Manager Swithers and Operations Manager Joseph Downey were the staff members who had first hand knowledge of the working conditions in the laundry department. See Record document no. 149, ¶ 4.

Wolfgang points out that although Defendant Kuzminski states that she had no obligation to respond or otherwise take action on his letter, this statement is undermined by the fact that Kuzminski retained a copy of the letter which is presently attached to her declaration. Furthermore, Kuzminski does not dispute Wolfgang's assertion that she accompanied Morrison during inspections of the CI laundry.

In a non-precedential decision, Chimenti v. Kimber, No. 03-2056, slip op. (3d Cir. June 8, 2005), the Court of Appeals for the Third Circuit held that allegations that Department of Corrections Secretary Martin Horn was aware of a Hepatitis C problem in the prisons and the importance of protocol negotiations yet failed to timely issue the protocol regarding the treatment of said problem were sufficient to state a failure to protect claim.

Based upon an application of Farmer and Beers-Capitol to the undisputed averments that Kuzminski was present during inspections of the CI laundry, received a written complaint from Wolfgang complaining of the conditions in the CI laundry, and retained a copy of said letter without taking any action, it is the conclusion of this Court that the remaining Plaintiff has created a genuine issue as to a material facts

regarding Kuzminski's conduct which could be deemed a failure to protect the inmate from a known safety risk. Kuzminski's request for summary judgment will be denied.

It is undisputed that Linda Morrison was employed as Director of the Bureau of Correctional Industries from May, 1996 to May, 2001. As the Director, Morrison was responsible for the administration and supervision of various manufacturing operations within the Pennsylvania state prison system. The CI laundry was included among the operations which Morrison oversaw. In her sworn declaration, Director Morrison states that she recalls seeing a letter from Wolfgang regarding the conditions within the laundry department. See Record document no. 149, ¶ 3. Morrison asserts that she would have turned Wolfgang's letter over to the Operations Manager of the laundry department for further investigation.

Morrison's declaration admits that she was aware that Wolfgang complained of inadequate conditions in the CI laundry. She also does not deny that she conducted inspections of said facility. Based on those factors, this Court is satisfied that there is a genuine issue of material fact as to the personal involvement of Morrison. This determination is bolstered by the fact that some of the former Plaintiffs in this matter filed similar complaints/grievances regarding the allegedly unsanitary conditions within the CI laundry. Thus, Defendant Morrison was aware or should have been aware that there were multiple complaints initiated regarding the same alleged poor

conditions in the CI laundry. Under the standards set forth in <u>Farmer</u> and <u>Beers-Capitol</u>, Wolfgang has demonstrated that there is a genuine issue as to a material fact regarding Morrison's personal involvement in conduct which could be deemed a failure to protect under the Eighth Amendment. Under the circumstances of this case, the mere fact that Morrison may have directed others under her supervision to conduct an investigation does not require a finding of non-personal involvement in her favor. Consequently,

**IT IS HEREBY ORDERED THAT:**

The remaining Corrections Defendants' second motion for summary judgment (Record document no. 142) is DENIED.

    s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge