UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC JOHN WOLFGANG,           :
      Plaintiff           :
                          :
  v.                      :   CIVIL NO. 4:CV-03-167
                          :
                          :   (Judge McClure)
CARL SMITHERS, ET AL.,         :
      Defendants          :

## ORDER

March 20, 2008

**Background**

      Remaining Plaintiff Eric John Wolfgang ("Plaintiff") contends that he was subjected to unconstitutional working conditions while employed as an inmate worker in the Laundry Department at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania ("SCI-Retreat"). Remaining Defendants are Correctional Services Laundry Supervisor Carl Swithers, Correctional Industries Director Susan Kuzminski, and Correctional Industries President Linda Morrison.

      Presently pending is Remaining Defendants' motion *in limine*. See (Record document no. 237. The motion has been briefed and is ripe for consideration.

**Discussion**

It is undisputed that Plaintiff "has retained an expert witness, Leon Vinci, who has inspected the laundry facility at SCI-Retreat and rendered more than one expert opinion. *See* Record document 238, p. 2. Remaining Defendants' motion *in limine* contends that: (1) Doctor Vinci should be precluded from testifying as to the nature or cause of Wolfgang's skin rashes because he is not qualified to render a medical opinion; (2) Vinci's testimony, including testimony regarding the conditions in the Laundry should be barred because his methodology is not reliable and his expert opinion will not assist the trier of fact;[1] and (3) any references to MRSA infection should be precluded because the Plaintiff has never been diagnosed as having contracted MRSA while at SCI-Retreat.

Federal Rule of Evidence 702 states that:

> "a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

---

[1] It is asserted that Doctor Vinci failed to conduct any test of the laundry facility which could establish that it was the source of cross-contamination. *See* Record document no. 238, p. 10.

2

In *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 589 (1993) the United States Supreme Court held that a trial judge must determine at the onset whether proposed expert testimony is reliable and relevant. The Court noted that an expert's opinion must be based on accepted scientific methods and procedures. In addition, *Daubert* set forth various factors which should be considered by courts when assessing the reliability of scientific expert testimony. With respect to Remaining Defendants' initial argument, it appears that Doctor Vinci's background is in environmental science. There is no indication that Doctor Vinci has a medical degree. Based upon his credentials, Remaining Defendants argue that Vinci is not competent to offer opinion testimony as to the nature and cause of the Plaintiff's skin rashes or to make any indication that Wolfgang suffers from MRSA.

Plaintiff counters that the conclusions regarding Wolfgang's medical condition which are set forth in Vinci's expert report are premised upon medical diagnoses made by doctors employed in the SCI-Retreat Medical Department.[2] Moreover, it is contended that Doctor Vinci is not rendering a medical opinion but rather simply opining that Wolfgang's diagnosed condition is the type of skin disease which can be expected to result from the unsafe conditions which allegedly existed in

---

[2] Clearly, it is acceptable for Plaintiff to introduce copies of his SCI-Retreat medical records into evidence.

the SCI-Retreat Laundry.  Plaintiff adds that because his skin disorder is clearly visible it can be established without a medical diagnosis.

This Court agrees that Doctor Vinci is not a medical doctor, licensed to practice medicine, or otherwise qualified to render an opinion as the nature or cause of the Plaintiff's skin rashes. Vinci likewise is not competent to offer testimony that Wolfgang suffered from any medical condition, including MRSA, which has not been diagnosed by a qualified medical professional.  Simply put, Doctor Vinci may not offer opinion testimony indicating that Wolfgang has MRSA or any other skin disorder.  If such a diagnosis has been made by a qualified medical professional it must be properly and independently submitted into evidence.  The mere fact that Plaintiff has a visible skin disorder is insufficient to establish either the exact nature of his condition or to establish a causal relationship between that condition and his prior employment in the prison laundry.

Unequivocal medical testimony is required to establish a causal connection between the alleged harmful conditions which existed in the SCI-Retreat Laundry and Wolfgang's skin disorder. *See Niklaus v. Vivadent, Inc. U.S.A.*, 767 F. Supp. 94, 95 (M.D. Pa. 1991)(McClure, J.); *Texter v. Merlina*, 2008 WL 545032 *1 (M.D. Pa. Feb. 26, 2008)(Conner, J.)(where there is no obvious causal connection between the alleged act and the injury unequivocal medical testimony is necessary to establish the

causal connection) . Plaintiff notes that *Niklaus* recognized that are some rare circumstances where causation testimony may be presented by a qualified expert other than a medical doctor. Record document 250, p. 8 (citation omitted). Based upon a review of the record, the present case does not fall within those rare circumstances.[3] It simply has not been established that the alleged injury suffered by Wolfgang was either an immediate and direct or a natural and probable result of working in the laundry. Thus, it is clear that the Plaintiff bears the burden in the present case to establish a causal connection between his laundry employment and skin disorder via competent expert testimony from a qualified medical professional. Doctor Vinci is not so qualified.

It does appear that Doctor Vinci may be qualified to give opinion testimony as to the conditions which he found in the SCI-Retreat Laundry provided that those observations/conclusions are based on sufficient facts and data and the product of reliable scientific principles and methods. However, based on this Court's review of the parties' submission it is apparent that a *Daubert* hearing is required in order to make a fair determination as to whether the methodology employed by Doctor Vinci

---

[3] This is also not a case where the causal connection is so obvious as to relieve Plaintiff from the burden of presenting an expert witness. " *See generally,* Berman v. United States, 205 F. Supp.2d 362, 264 (M.D. Pa. 2002)

in reaching his conclusions regarding the conditions which existed in the prison laundry is reliable as contemplated under Rule 702.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Remaining Defendants' motion *in limine* (Record document no. 237) is GRANTED IN PART.

2. Doctor Vinci is precluded from giving opinion testimony as to the nature and cause of the Plaintiff's skin disorder or that he suffers from MRSA.

3. A hearing in accordance with the *Daubert* standards shall be scheduled by this Court regarding the issue of  whether the methodology employed by Doctor Vinci in reaching his conclusions regarding conditions which existed in the SCI-Retreat Laundry is reliable under Federal Rule of Evidence 702.

4. As a result of the court's ruling, a further case management conference appears appropriate.  Accordingly, a case management conference by telephone conference call will be held on March 24, 2008 at 1:00 p.m.  Defense counsel will be responsible for initiating the call (Chambers telephone number is 570-323-9772).

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge