UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC JOHN WOLFGANG, :
         Plaintiff :
         :
    v. : CIVIL NO. 4:CV-03-167
          :
          : (Judge McClure)
CARL SMITHERS, ET AL., :
         Defendants :

**MEMORANDUM**

July 21, 2008

**Background**

      Remaining Plaintiff Eric John Wolfgang ("Plaintiff") contends that he was subjected to unconstitutional working conditions while employed as an inmate worker in the Laundry Department at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania ("SCI-Retreat"). Remaining Defendants are three (3) employees of Correctional Industries ("CI"): Laundry Supervisor Carl Swithers, Director Susan Kuzminski, and President Linda Morrison.[1]

---

[1] According to the Remaining Defendants, Kuzminski is an Accountant, Swithers is the SCI-Retreat Laundry Manager, and Morrison is Director.

A telephonic case management conference was conducted by this Court on March 24, 2008. Following the conference, an Order was issued which granted Remaining Defendants leave to file a further summary judgment motion. *See* Record document no. 261.

On April 3, 2008, Remaining Defendants timely submitted a third motion for summary judgment. *See* Record document no. 263. The motion has been fully briefed and is ripe for consideration.

## **Discussion**

Remaining Defendants claim entitlement to entry of summary judgment on the grounds that: (1) Plaintiff cannot prove either the objective or subjective element of a deliberate indifference claim; (2) Defendant Kuzminski had no personal involvement with respect to the conditions which allegedly existed in the SCI-Retreat Laundry Department; and (3) the claims against Defendant Morrison are improperly premised on a theory of *respondeat superior.*

## **Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *See also*, *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001).

A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana,* 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a

3

preponderance.'" *Saldana*, 260 F.3d at 232 (*quoting Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

Remaining Defendants' initial summary judgment argument contends that because Wolfgang's sole expert witness has been precluded from testifying as to the cause or nature of his rash, Plaintiff cannot establish that the rash resulted from a condition of confinement (working in the prison laundry) which posed a substantial risk of serious harm. Relying on *Oliver v. Bucks Co. Correctional Facility-Warden*, 181 Fed. Appx. 287 (3d Cir. 2006), Remaining Defendants assert that since Plaintiff has failed to present medical expert evidence, he cannot establish a causal connection that he was injured as a result of working in the SCI-Retreat laundry. They additionally note that Wolfgang could have chosen to quit his laundry job if he felt that it was adversely affecting his health.[2]

Plaintiff's opposing brief argues that the request for summary judgment should be denied because there are material facts in dispute with respect to the issue of whether the conditions in the SCI-Retreat laundry were unsafe.

---

[2] With respect to this argument, the Court agrees with Plaintiff's observation that the fact that Wolfgang could have voluntarily discontinued his institutional employment is not relevant to the issue of whether the prisoner was subjected to unsafe conditions in the laundry. *See* Record document no. 267, p. 6.

The United States Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994), set the standard for determining deliberate indifference. The Court stated as follows:

> [A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id*. at 837. Thus, to succeed on such a claim, a prisoner must show: (1) that he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists"; (3) the defendant actually drew this inference; and (4) that the defendant deliberately disregarded the apparent risk. *Id*. at 837.

Under *Farmer*, deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. In *Beers-Capitol*, it was also

recognized that a defendant's knowledge of a risk can be proved indirectly by circumstantial evidence.

It is undisputed that Plaintiff has retained an expert witness, Doctor Leon Vinci, whose background is in environmental science.[3]  Doctor Vinci has inspected the laundry facility at SCI-Retreat and rendered more than one expert opinion.  *See* Record document 238, p. 2.   However, this Court's Order of March 20, 2008 concluded that Doctor Vinci was not qualified to render an opinion as to the nature or cause of the Plaintiff's skin rashes or offer opinion testimony indicating that Wolfgang has MRSA or any other skin disorder.   *See* Record document no. 259, p. 4. It was also noted that the mere fact that Plaintiff has a visible skin disorder was "insufficient to establish either the exact nature of his condition or to establish a causal relationship between that condition and his prior employment in the prison laundry." *Id.*

---

[3]  Federal Rule of Evidence 702 states that:

 "a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

Wolfgang's opposing brief contends that according to Doctor Vinci the Remaining Defendants "were in violation of several industry standards." Record document no. 267, p. 7. They add that it was their intention to introduce testimony by Doctor Vinci and other inmate laundry workers to show that unsafe conditions in the laundry caused prisoners including Wolfgang to develop skin disorders. Consequently, they conclude that there are clearly material facts in dispute as to whether the conditions in the SCI-Retreat laundry were unsafe.

This Court agrees that there are material issues of facts as to the conditions which existed in the SCI-Retreat Laundry during the relevant time period of Wolfgang's employment therein. However, Plaintiff's opposing brief does not specifically address Remaining Defendants' contention that Wolfgang has failed to present necessary medical expert testimony to establish a causal connection between the purported conditions in the SCI-Retreat Laundry and his injuries.

Remaining Defendants' assessment that the present matter is a case where unequivocal medical expert testimony is required to establish a causal connection between the alleged harmful conditions which existed in the SCI-Retreat Laundry and Wolfgang's skin disorder is correct. Plaintiff's suggestion that testimony from other prisoners who also worked in the prison laundry during the same period would be sufficient to establish a causal connection lacks merit. As previously noted, this Court

7

has also already determined that Doctor Vinci is unqualified to render an expert opinion to establish such a causal connection.

On the contrary, based upon the nature of Plaintiff's claims and alleged injuries, this is not one of those rare cases where the causal connection is so obvious as to relieve Plaintiff from the burden of presenting an expert witness." *Niklaus v. Vivadent, Inc. U.S.A.*, 767 F. Supp. 94, 95-96 (M.D. Pa. 1991)(McClure, J.)(Pennsylvania law requires that in a personal injury case when there is no obvious causal connection between the alleged act and the injury unequivocal medical testimony is necessary to establish the causal connection); *Berman v. United States*, 205 F. Supp.2d 362, 264 (M.D. Pa. 2002) . [4]

An obvious causal relationship only "exists when the injury is either an 'immediate and direct' or the 'natural and probable' result" of the underlying act. *Texter, v. Merlina*, 2008 WL 545032 *1 (M.D. Pa. Feb. 26, 2008)(Conner, J.). The injury and the act must be so closely connected that a lay person could diagnose the causal connection. No such obvious causal relationship exists in the present case. Wolfgang's skin disorder which undisputably developed over a period of time was

---

[4] "Expert medical testimony on causation requires the witness to offer expert medical testimony on the injury itself and the relationship between the injury and the alleged cause." *Niklaus*, 767 F. Supp at 96.  Thus, in the present case Plaintiff requires testimony by an expert in diagnosing and determining the cause of skin disorders.  There is no indication that Doctor Vinci has such expertise.

clearly neither immediate and direct nor a natural and probable result of his employment in the prison laundry.

With respect to Doctor Vinci, this Court recognizes that in *Gentry v. Resolution Trust*, 937 F.2d 899,917 (3d Cir. 1991), the Court of Appeals for the Third Circuit ruled that "[m]edical doctors, however, are not the only experts qualified to render an opinion as to the harm caused by exposure to toxic chemicals." *See also, Niklaus,* 767 F.Supp. at 96 (in some "rare circumstances" causation testimony may be presented by a qualified expert other than a medical doctor*).*

However, unlike *Gentry*, there is no indication that the expert, Doctor Vinci, is a doctor of toxicology who possessed firsthand knowledge connecting any hazardous substances from the prison laundry to Wolfgang's symptoms. Moreover, as noted by this Court's memorandum and Order of March 20, 2008, "Doctor Vinci is not a medical doctor, licensed to practice medicine, or otherwise qualified to render an opinion as to the nature or cause of the Plaintiff's skin rashes." Record document no. 259, p. 4. Simply put, Plaintiff bears the burden of establishing a causal connection between his condition and his employment in the SCI-Retreat laundry via evidence from a qualified medical professional. Doctor Vinci may be qualified to offer an opinion as to the conditions in the SCI-Retreat laundry, however, he is not qualified to offer an opinion that there is a causal relationship between Wolfgang's injuries and his employment in the prison laundry.

Plaintiff has failed to come forth with competent medical testimony showing that his alleged injury was either an immediate and direct or a natural and probable result of working in the laundry.  Since Wolfgang has failed to establish a causal connection between his laundry employment and skin disorder via competent expert testimony from a qualified medical professional and this is not a case where there is an obvious causal connection, he is unable to establish that exposure to a substantial risk of harm which is required for a deliberate indifference claim.  Consequently Remaining Defendants are entitled to entry of summary judgment.  An appropriate Order will enter.[5]

     s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

[5] Based upon the Court's conclusion herein, a discussion regarding the merits of the remaining summary judgment arguments is not required.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC JOHN WOLFGANG, ET AL., | : | |
|     Plaintiffs | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-03-167 |
| | : | |
| | : | (Judge McClure) |
| CARL SWITHERS, ET AL., | : | |
|     Defendants | : | |

## **ORDER**

July 21, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Remaining Defendants' motion for summary judgment (Record document no. 263) is GRANTED.

2. The Clerk of Court is directed to CLOSE the case.

                                                  s/ James F. McClure, Jr.
                                                  JAMES F. McCLURE, JR.
                                                  United States District Judge